IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN J. RAPPUHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-00528-JB-N |
| | ) |
| PRIMAL VANTAGE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Plaintiff's Motion for Partial Summary Judgment. (Doc. 167). The Motion has been fully briefed and is ripe for resolution. Upon careful consideration, the Court concludes the Motion is due to be **GRANTED IN PART AND DENIED IN PART**.

**I.    FACTS**

The facts of this case have been recounted, in detail, in previous orders of this Court and the Eleventh Circuit of Court of Appeals, which are incorporated herein. (Docs. 140, 147, and 195). Plaintiff was injured after falling from a tree stand designed and manufactured by Defendant. He asserts causes of action for violation of AMELD, negligence, and wantonness. (Doc. 1). Defendant asserts affirmative defenses of contributory negligence, misuse, and assumption-of-the-risk.

In the instant Motion, Plaintiff seeks summary judgment on Defendant's affirmative defenses as to the AMELD and wantonness claims. (Doc. 167). Defendant concedes Plaintiff's Motion on the wantonness claim. (Doc. 175). Therefore, the Court will review the pertinent

allegations of Plaintiff's contributory negligence, misuse, and assumption-of-the-risk only in the context of the AMELD claim.

Defendant argues Plaintiff was negligent in the use of Quickclips, which are used to secure cables by which the tree stand is attached to a tree.  Defendant proffers testimony that Plaintiff failed to properly secure a Quickclip or confirm it was properly secured, or removed it.  Defendant also argues Plaintiff was negligent in failing to use a safety harness.  The safety harness is provided with the tree stand, along with written warnings, instructions and a warning label.  A safety manual provided with the tree stand warns users to wear the safety harness at all times after leaving the ground:

> **ALWAYS** wear a Fall Arrest System (FAS) (Harness) consisting of a full body safety harness after leaving the ground." … You MUST stay connected at all times after leaving the ground while using climbing and hang-on treestands.

(Doc. 120-3 at PageID.1860 (emphasis in original)).  Users are instructed to make frequent adjustments to the safety harness and to remain attached to the tree.  (*Id.* at PageID.1870 and Doc. 120-4 at PageID.1876).  "Climbing Instructions" provided with the tree stand state:

> Before beginning to climb: Check that your harness is secure, check that cables are properly quick clipped, and make sure that the seat straps on your seat section are off to the side, they should not obstruct the cable connecting to the tree in anyway while climbing. Practice at ground level with your Full Body Harness. Familiarize yourself with this product's function so you feel comfortable with the climbing procedure.

(Doc. 120-3 at PageID.1869).

II.   ANALYSIS

Plaintiff's Motion is based, in part, on a legal principle both parties recognize.  A "plaintiff's contributory negligence in **causing an accident** [is] not a defense to an AEMLD action, but [] his contributory negligence in the **use of the product** [is a defense to an AEMLD action]."  (Doc. 167

at PageID.8787 (quoting *Campbell v. Robert Bosch Power Tool Corp.*, 795 S. Supp. 1093, 1097 (M.D. Ala. 1992) (emphasis added)). However, Plaintiff mischaracterizes this principle by his summary argument that, "[i]n short, **contributory negligence** is only a defense to an AEMLD claim where the defendant proves the plaintiff **misused** the product or knew the product was defective but used it anyways, thereby **assuming the risk**." (Doc. 167 (emphasis added)). This argument conflates contributory negligence with the separate affirmative defenses of misuse and assumption-of-the-risk. These affirmative defenses are materially distinct under Alabama law. Both parties, in fact, have advanced arguments conflating these separate affirmative defenses.

*In General Motors Corp. v. Saint*, the Alabama Supreme Court clarified the distinction between product misuse and contributory negligence in the context of AEMLD actions. 646 So. 2d 564, 567 – 78 (Ala. 1994) (explaining that a charge on product misuse is not a charge on contributory negligence). The Court in *Saint* defined "misuse" as a plaintiff's use of a product in a manner not intended or foreseen by the manufacturer. *Id.* at 568. The Court defined "contributory negligence" as a plaintiff's "handling of defective product when he or she failed to use reasonable care with regard to that product." *Id.*

Upon careful consideration of Plaintiff's Motion and the parties' briefs, the Court concludes Plaintiff's Motion is due to be **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff's Motion as to the wantonness claim is **GRANTED** as unopposed.
2. The product component Plaintiff alleges to be defective are the Quickclips. Plaintiff's Motion is due to be **GRANTED** to the extent Defendant seeks to argue Plaintiff's contributory negligence regarding the safety harness or any other component apart

from Quickclips.  To the extent Defendant seeks to argue Plaintiff's contributory negligence regarding Quickclips, Plaintiff's Motion is due to be **DENIED**.

3. Alleged misuses of the Quickclips against which Defendant warned were foreseeable to Defendant, and therefore cannot support a misuse affirmative defense to Plaintiff's AEMLD claim.  To the extent Defendant seeks to argue a misuse against which it warned, Plaintiff's Motion is due to be **GRANTED**.  To the extent of any alleged misuse that was neither intended nor foreseen by Defendant, Plaintiff's Motion is due to be **DENIED**.

4. The affirmative defense of assumption-of-the-risk requires evidence of Plaintiff's awareness of the alleged defective condition, appreciation of the resulting risk, and a voluntary exposure to the risk.  The alleged defect here is the Quickclips.  Plaintiff alleges no defect regarding the safety harness.  At this point, Plaintiff has failed to establish the absence of any genuine dispute of material fact regarding Plaintiff's awareness of certain defects regarding the Quickclips and his alleged use of them. Further, there is a genuine dispute of material fact of Plaintiff's awareness regarding the safety harness and his failure to use it prior to ascending the tree.  Plaintiff's Motion is due to be **DENIED** as to the Defendant's affirmative defense of assumption-of-the-risk.

The Court makes the following observations concerning this Order.  First, it does not affect Plaintiff's negligence claim.  Evidence or argument concerning Plaintiff's alleged contributory negligence that is improper in terms of the AEMLD claim may be proper on the negligence claim. Second, the Court's Order is without prejudice to arguments during trial.  Indeed, the Court finds

the aspects of Plaintiff's Motion which are denied by this Order may be more properly resolved as evidence is proffered at trial and in the context of preparing jury instructions.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment (Doc. 167) is **GRANTED IN PART AND DENIED IN PART** as set out herein.

**DONE and ORDERED** this 8th day of January, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE